JOSEPH WEINBERG, Plaintiff in Error,

*vs.*

SAMUEL S. CONOVER and WILLIAM BECK, Defend-
ants in Error.

### ERROR TO MILWAUKEE COUNTY COURT.

The return of an officer to a writ of replevin, cannot be read in evidence against
him, in an action of trover for taking and converting the property described in
the writ, unless the writ itself is also admitted together with the return.

An action will not lie against an officer for taking the property mentioned in a writ
of replevin, though brought by a third person, not a party to the suit, and claim-
ing to own the property.

The court has jurisdiction of the writ of replevin, and it is the duty of the officer
to execute it as the statute prescribes, whether or not he is able to make service
upon the defendant.

THIS was an action of trover, commenced by the plaintiff in
error, against the defendants in error, in the Milwaukee County
Court, to recover the value (about $4,000) of certain goods,
alleged to be the property of the plaintiff, and to have been
converted by the defendants.to their own use. The defendants
pleaded the general issue. ·

On the trial of the issue before the jury, the plaintiff proved
that he purchased the goods in Illinois, of one Mellenger, paid
for them, and that they were boxed up and directed to him at
Milwaukee, Wisconsin, and that their value was about $4,000.

. The plaintiff, to prove the conversion, offered in evidence what
purported to be the returns to two writs of replevin, signed
"*Samuel S. Conover, Sheriff, by Wm. Beck, Under Sheriff.*" These
returns stated that the goods mentioned in an inventory thereto
attached, were taken by virtue of said writs, and on the giving of
the proper bonds were delivered to the plaintiffs in the writs,
and the goods mentioned in the inventory annexed to the re-
turns, were identified as the goods purchased by the plaintiff, as
before stated. The returns also showed no service on the defend-
ant in the writ.

The defendants objected to the introduction of the said returns

unless the writs of replevin on which, and to which they were made, were also received in evidence with them, which objection was sustained by the court, and the plaintiff excepted.

The writs and returns were then read in evidence to the jury, and the evidence being closed, the defendants moved for a non-suit, on the ground that the evidence showed, that the taking of the goods complained of, was done by virtue of, and in obedience to the command of the writs, and the defendants as officers were bound to obey the writs, and therefore no action could be maintained against them; which motion was granted, and the plaintiff excepted.

*Lakin and Steever*, for the plaintiff in error.

*Emmons and Van Dyke*, for the defendants in error.

*By the Court*, WHITON, C. J. We are of the opinion that the judge before whom the trial was had, decided correctly in denying to the plaintiff the right to read in evidence the return of the defendant Conover, to the suit, unless the writ itself was also introduced in evidence to the jury.

The action was trover, and was brought to recover damages for the conversion of certain goods. Conover as the sheriff to whom the writs of replevin had been directed, by his under sheriff, Beck, had taken the goods by virtue of the writs as he was commanded. He had made return of his doings in the service of the writs, and the object of the plaintiff below was, to prove the taking and conversion of the property by means of these returns. These (if the returns could have been separated from the writs) would have established, *prima facie*, the conversion, as they would have shown that the goods were taken without authority. But by all the rules of evidence, they could not be regarded as admissions of the taking, except in the manner pointed out in the writs. They each admitted the taking of the goods only, "by virtue of this writ," and were correctly excluded from the consideration of the jury, till the writs themselves were produced.

After the writs, and the returns to the same, were read to the jury, it is evident that the plaintiff could not recover, unless we

should overrule the decision we made in *Watkins vs. Page* (2 *Wis. Rep.* 92).

In that case we held, that an officer who obeyed the command of a writ of replevin, and took the property described in it, as he was directed, could not be held liable as a wrongdoer. Much learning and argument have been displayed, in the present case, to satisfy us that our decision in the case of *Watkins vs. Page* is erroneous, but we are of the opinion that its authority should not be disturbed.

It is claimed by the plaintiff in error that in one respect this case differs from that of *Watkins vs. Page*, because the returns to the writs of replevin show that the court which issued the writs, did not obtain jurisdiction, for the reason that there was no service of the writ upon the defendant. But it is evident that this fact cannot affect the decision of the questions involved in the case. The court had the power to issue the writs of replevin, and to command the sheriff to serve them, and it is made his duty by statute to deliver the goods which he had replevied by virtue of the writ, to the plaintiff in the suit, upon his executing the bond which the statute prescribes. *Rev. Stat.*, *chap.* 117, § 8. We do not see how the failure of the sheriff to find the defendant, so as to make a valid service on him, can make him liable, when he has previously only done his duty and obeyed the command of the writ, by replevying the goods, and delivering them to the plaintiff in the suit upon receiving from him the prescribed bond. For these reasons we must affirm the judgment.

· Judgment affirmed.