## GRIFFITH vs. SMITH.

*Replevin against officer.*

Where a lawful writ commanded an officer to seize specific chattels, they cannot be taken from his custody by a writ of replevin.

APPEAL from the Circuit Court for *Winnebago* County.

Replevin, for a lot of pine logs. Answer, *inter alia*, that on etc., one James L. Eaton filed in the office of the clerk of the city of Oshkosh his petition for a lien upon said logs (giving a particular description of them) for the value of his services performed on the same, at the request of Charles

R. Eaton and John W. Eaton, in cutting, rafting, etc.; that said James L. Eaton brought his action in the circuit court of said county against Charles R. and John W. Eaton, to enforce said lien; that the defendant, by his under-sheriff, seized the logs in controversy under a writ of attachment issued in said action commanding him to seize the identical logs described in the plaintiff's complaint herein, and hold them to satisfy the judgment which might be rendered, etc. The verification of the petition for the lien, and of the complaint to enforce the lien, was made by the attorney of James L. Eaton, on information given to him by John W. Eaton, said James being at the time out of the county. Judgment appears to have been rendered in favor of James L. Eaton against Charles R. and John W. Eaton, June 20th, 1867, for $559.33. On the trial, the plaintiff introduced evidence tending to show that the logs were cut and rafted for Charles R. Eaton, John W. Eaton and one Matthews, as partners; that the plaintiff, *Griffith*, purchased the logs, in the water, from said Matthews and Charles R. Eaton; that before he paid for the logs, he asked James L. Eaton if he had any lien on them, who replied that he had not; and that the plaintiff, relying on that statement, paid Matthews for the logs. The circuit judge charged the jury that the sheriff was protected by his writ, and that the property was not subject to replevin. Verdict and judgment for the defendant; and plaintiff appealed.

*C. Coolbaugh*, for appellant:

If James L. Eaton told the plaintiff before he paid for the logs, that he had no lien on them, and the plaintiff acted on that statement, it is a plain case of estoppel. 10 Wis., 453; 2 Abb. N. Y. Dig., 587, and cases there cited. The sheriff is a nominal party, and his position is no better than that of James L. Eaton. If the proceedings in the case of James L. Eaton against C. R. and J. W. Eaton cannot be assailed

here, how can the present plaintiff protect himself? He was not a party to that action, and could not come in and defend it. Laws of 1864, ch. 168.

*Felker & Weisbrod*, for respondent, cited 5 Wend., 170; 1 Wis., 457, 467; 7 id., 128; 2 id., 98; 14 id., 88; 2 Coms., 473; Carthew, 380; 4 Wis., 803; 4 Denio, 446; 20 Barb., 350, 361, 362.

PAINE J. This was an action to recover possession of a quantity of logs. The defendant held them as sheriff, having seized them by virtue of a writ of attachment, issued in a proceeding to enforce a lien for labor in getting out the logs. The writ, in such a case, commands the officer to seize and hold the identical property which is claimed to be subject to the lien. The case falls, therefore, precisely within the principle established in *Watkins v. Page*, 2 Wis., 98, and re-affirmed in *Weinberg v. Conover*, 4 id., 803. Those cases held that, upon the facts here presented, the officer was not liable to an action of replevin. And whatever might be the opinion of the court as now constituted upon the question, were it a new one, we shall not now attempt to re-examine a question that has been so long decided. The counsel for the appellant alleges that there was collusion between the parties to the lien proceeding, and there is some evidence indicating that such might have been the fact. And if the question could be gone into in this action, it is possible that the right of the plaintiff might have prevailed against the attachment. But it being once determined that the officer is not liable to the action, for doing what a legal writ specially commanded him to do, it is useless to suggest or enquire what the merits might have been in case the action could have been sustained. What may be the remedy of a party situated as the plaintiff claims to be, is

not so obvious that we feel called on to make any suggestions in regard to it, in advance of a necessity for doing so.

The judgment must be affirmed.

*By the Court.*—Judgment affirmed.