THE UNION LUMBERING COMPANY vs. TRONSON.

ATTACHMENT: LABORER'S LIEN: OFFICER. (1–3) *When writ protects officer.* (4) *What judgment officer entitled to, in replevin against him.*

1. It is the settled law of this state, that an action will not lie against an officer to recover possession of goods seized by him by virtue of a writ of attachment issued to enforce a laborer's lien — the writ commanding him to seize the identical property in suit. 22 Wis., 646 and 669.

2. The decision in *Munger v. Lenroot* (32 Wis., 542) might have been placed upon the ground above stated, as well as upon that there held by the majority of the court; but the application of this rule of law was overlooked in the discussion of that case.

3. In the case of a proceeding to enforce a laborer's lien upon logs in Chippewa county, where the owner is not made a party defendant, but only the contractor by whom the laborer was employed — what-

The Union Lumbering Company vs. Tronson.

ever remedy the owner may have for the protection of his rights (which it was not necessary to determine here), he *cannot* proceed by way of replevin against the officer who attaches the logs.

4. In replevin against the officer in such a case, where plaintiff had acquired possession of the logs, defendant was entitled to a judgment for the value of his special property in them.

APPEAL from the Circuit Court for *Chippewa* County.

Action to recover possession of certain logs. The complaint alleged that the plaintiff was the owner and entitled to the possession, and that the logs had been unjustly taken and detained, and were of the value of $350. The answer alleged that the defendant, at the time of the taking, was the sheriff of Chippewa county; that theretofore he, as such sheriff, had received a writ of attachment duly issued by a police justice and justice of the peace of said county, commanding him to attach the logs in question, or so many as would satisfy the sum of $96.49, and costs of suit, etc., and to summon A. M. Flint to appear, etc.; that said writ was issued at the suit of Philip Gross and on his affidavit, which stated that the said Flint was indebted to him in the sum of $96.49, above all setoffs, due on contract for labor in cutting and hauling logs between December 2, 1872, and March 8, 1873; and that on April 1, 1873, a petition for a lien on said logs had been duly filed by said Gross, which had been duly recorded, and that an action had been commenced. The answer further stated that the defendant had seized said logs by virtue of such writ, which was the taking complained of; that on April 17, 1873, the said Gross obtained judgment against the said Flint for the aforesaid sum of $96.49, with interest and costs, and that such judgment was adjudged to be a lien on the logs seized for such work and labor; that by virtue of an execution subsequently issued on such judgment in due form of law, he, as sheriff, had levied upon the logs described in the complaint and writ of attachment, and the same upon which the said Gross had filed his petition for a lien; and that the said logs were, at the time of

the seizure, the property of the said Flint, and not of the plaintiff.

No further statement of the pleadings or of the evidence is necessary.

· The court directed a verdict for the defendant. The verdict states that the jury " find for the defendant, and that he is entitled to a return of the property described in the complaint and writ of attachment put in evidence, being the logs in question, and assess the value thereof at $112.28."

Judgment was rendered against the plaintiff and the sureties, that defendant have a return of the property, or its value (as assessed by the jury) in case a return could not be had, and for the costs, etc. From this judgment, the plaintiff appealed.

*Bingham & Jenkins*, for appellant:

1. The title to the property was put in issue, and the verdict and judgment were fatally defective in not determining this question, and also the value of the defendant's special property. *Smith v. Phelps*, 7 Wis., 211; *Heeron v. Beckwith*, id., 17; *Child v. Child*, 13 id., 17; *Appleton v. Barrett*, 22 id., 568; *Warner v. Hunt*, 30 id., 200. If the defendant recovers at all, it must be for the value of his interest in the property. *Booth v. Ableman*, 20 Wis., 1; *Battis v. Hamlin*, 22 id., 669; *Warner v. Hunt, supra*. 2. The defendant is not entitled to recover, because the records show that the creditor whom he represents is attempting to enforce his lien against the property of the plaintiff, who was not a party to the contract, and who had not had his day in court. *Jacobs v. Knapp*, 50 N. H., 71, and cases cited.

*Arthur Gough*, for respondent, cited in support of the judgment, *Griffith v. Smith*, 22 Wis., 646, and *Battis v. Hamlin*, id., 669.

COLE, J. In *Griffith v. Smith*, 22 Wis., 646, and *Battis v. Hamlin*, id., 669, this court decided that an action of replevin could not be maintained against an officer to recover possession

of property which he had seized and held under a writ of attachment for the enforcement of a laborer's lien upon such property. And the reason of this rule of law is there briefly stated to be, that, as the process commands the officer to seize and hold the identical property which is claimed to be subject to the lien, the officer is protected by the writ, and is not liable to an action of replevin. It was said that the case was brought precisely within the reason and principle of the early decisions of this court, which held that property taken in obedience to a writ of replevin could not be retaken from the possession of the officer by a second writ of replevin, but that the party claiming to own the property must enforce his rights in some other way. The court, therefore, peremptorily declined in those cases to reexamine the technical grounds upon which this doctrine was founded, the question having been so long decided in this state that the objection to any attempt to reconsider it, whatever might be the views of the members of the court, was regarded as insuperable. The rule, consequently, was not then deemed open for argument under our adjudications.

Now, unless we are prepared to depart from the doctrine of those cases and overrule them, it is plain the plaintiff cannot maintain this action. For this suit is brought to recover possession of certain logs which the defendant seized by virtue of a writ of attachment issued to enforce a laborer's lien. It therefore is precisely such a case as *Griffith v. Smith*, and *Battis v. Hamlin*, and must be ruled by them.

It is proper, before dismissing this cause from our consideration, that a remark or two should be made upon the case of *Munger v. Lenroot*, 32 Wis., 542. That was also an action of replevin to recover the possession of logs which the defendant as sheriff had seized upon writs of attachment in certain lien suits, and which he then held upon executions subsequently issued on judgments obtained in those suits. In that case the action was brought by the party claiming to be the general owner of the logs, who had not employed the laborers, and who

had no notice, and was not made a party to those suits. The great question in the case, and the one to which the attention of the court was almost entirely directed, was, whether the statute gave the lien where the laborer was not employed by the general owner of the logs on which the services were performed, but was employed by a contractor under such owner. The majority of the court sustained the right of the laborer to his lien, and affirmed the judgment, which was in favor of the defendant. Both opinions proceed upon the assumption that the action was maintainable; thus strangely overlooking the cases in 22 Wis., above referred to, where the contrary doctrine is directly established. But it is apparent that there is no real inconsistency between these cases and the conclusion reached by the majority in *Munger v. Lenroot*. For, as observed, the judgment in that case was affirmed upon other grounds; the decision not being placed, as it might have been, on the doctrine of the cases in 22 Wis. At the time the action of *Munger v. Lenroot* was commenced, the law giving a lien for labor and services upon logs and lumber in Douglas county, only required that the person or corporation liable for the payment of the debt should be made a party defendant, but contained no provision which made it necessary to likewise make the general owner of the logs a party. The statute for the enforcement of such liens was the same in Chippewa county when the present suit was instituted. A grave question is raised in this case, as there was in that, whether the legislature could give a lien upon logs and a remedy for its enforcement in a case where the owner was not a party and was not brought before the court in the lien proceeding. Such a statute, it was argued, was obnoxious to serious constitutional objections, because it attempted to subject the property of one person to a lien for, and charge it with the payment of, debts contracted by another, without affording the owner any adequate means of protection against the claims thus created against his property, or giving him his day in court. It was said that it was contrary to the

first principles of civil liberty and the fundamental maxims of all constitutional governments, to sustain the power of the legislature thus to provide that a person's property might be taken for the payment of a debt the justness and fairness of which he had no opportunity to contest or disprove. For one, I should be very unwilling to hold that the owner whose property was thus affected by the lien proceeding, was wholly without remedy, or could be concluded as to the rights by a judgment *inter alios*. What that remedy may be, it is unnecessary to state, further than to say that by the settled doctrine of this court he cannot bring an action of replevin against the officer. Whatever was said by me in the majority opinion in *Munger v. Lenroot*, to the effect that such an action might be maintained by the owner of the property against the officer, was unnecessary to the decision in that case, and must be regarded as *obiter*.

It is satisfactory to observe that the law giving a lien for labor and services upon logs in the counties in the northwestern part of the state has been changed, so as to require the owner of the logs, as well as the person or corporation liable for the payment of the debt, to be made parties to the action for enforcing the lien. Ch. 139, Laws of 1873, and ch. 161, Laws of 1874.

The views we have expressed are fatal to this action. The officer took judgment for only the amount of his special interest in the property. The plaintiff has no ground to complain of this judgment.

*By the Court.* — The judgment of the circuit court is affirmed.