## HALPIN vs. HALL and others.

ATTACHMENT: DUTY AND LIABILITY OF SHERIFF. *(1) Log-lien attachment paramount to general attachment. (2) Successive seizures under several attachments. (3) Liability of sheriff to attaching creditor. (4) When bond of indemnity demandable under log-lien law. (5) Whether attaching creditor must advance the expense of holding the property. (6) Immaterial defects in proceedings for lien.*

1. An attachment upon logs or lumber under the general attachment act, though prior in time, is subordinate to one issued under the log-lien acts.
2. Where there are existing liens upon property by prior attachments, the sheriff may execute a subsequent attachment of the same kind upon the same property, subject to such prior attachments, and thereafter hold it upon all the writs.
3. If the sheriff delivers the property to the owner of paramount liens, which are for a less sum than the property is worth, and in consequence of such delivery the subsequent attaching creditor is prevented from collecting his judgment, this is a breach of the sheriff's bond.
4. *It seems* that the sheriff may require indemnity from the attaching creditor in such a case, if there is *reasonable doubt* as to the liability of the property to the attachment (R. S., ch. 130, sec. 58); but the record in this case does not show reasonable ground for such a doubt, nor does it show a sufficient demand.
5. If the sheriff may require the attaching plaintiff in such a case to advance the necessary expense of holding the attached property (a point not decided), the plaintiff will not be in default for not making such advance, until *a sufficient demand* has been made therefor; and where it appeared that the sheriff told the plaintiff that he must make such advance, and the latter promised to do so, but there was no evidence that the sheriff stated the sum that he required for that purpose, or informed plaintiff that he would surrender the property to the claimants unless the money was paid: *Held*, that the demand was insufficient.
6. An indiscriminate use of the words "logs," "timber" and "lumber" in the various proceedings in an attachment suit under the "log-lien law," and some confusion in different documents in that suit in respect to the specific services performed by plaintiff upon the property attached, *held*, immaterial in this action by the same plaintiff on the bond of the sheriff for his failure to collect out of such property the lien judgment; it being determined by that judgment, and found by the jury upon sufficient evidence in this action, that plaintiff performed labor or service upon said attached property, of the character mentioned in the lien suit.

Halpin vs. Hall and others.

APPEAL from the Circuit Court for *Chippewa* County.

Action upon a sheriff's bond, against that officer and his sureties. The breach alleged is the failure of the sheriff, the defendant *Hall*, to collect an execution issued on a judgment recovered (in a justice's court) by the plaintiff against one Whitley. The judgment was made a specific lien upon certain timber upon which the plaintiff had performed labor, and which had been attached by the sheriff in that action.

The complaint avers the due execution of the bond in suit by the defendants, and sets out fully all the proceedings in the lien suit, from the filing of the petition to the return of the execution unsatisfied. These proceedings, as alleged, seem to fulfill all the requirements of the statute in that behalf. The nonpayment of the judgment, the insolvency of Whitley, a demand made upon the sheriff to settle the judgment, and proper leave to bring the action upon the bond, are also averred. It is further alleged, upon information and belief, that on or about the 9th of August, 1872, while said suit was pending, said *Hall* "knowingly, wilfully, maliciously, and with a view to defraud the plaintiff, conspired and combined with certain parties, to plaintiff unknown, to cheat and defraud the plaintiff by running off said timber and lumber so attached; that said *Hall* knowingly and wilfully allowed said timber and lumber   *   *   to be taken out of his possession by parties unknown to the plaintiff, during the pendency of said action; and knowingly and wilfully hired and employed men to remove said timber and lumber out of his possession, and to run the same down the Chippewa and Mississippi rivers, with a view to cheat and defraud the plaintiff;" and that said timber and lumber was so taken out of the possession of said *Hall*, and run down said rivers, whereby the plaintiff was deprived of all benefit of his judgment and lien, and whereby said judgment still remains wholly unsatisfied.

The answer of the defendants admits that *Hall* was the sheriff of Chippewa county, and that he made and filed his

bond, and the same was approved, as alleged in the complaint; but denies "each and every other allegation in said complaint contained, except as hereinafter admitted." It then avers that "the pretended levy made by the defendant *Hall* under the writ of attachment mentioned in the complaint," was made subsequent and subject to other and prior lien attachments issued against the said John P. Whitley, upon the same property, in certain actions then pending, in favor of William Doty, for the sum of $67 and costs; and in favor of Louis Codier for the sum of $80.97 and costs; and in favor of Martin Blood for the sum of $320 and costs;" and that said *Hall* "was not authorized to make any levy whatever under and by virtue of said writ of attachment."

The case is further stated in the opinion.

Plaintiff had a verdict and judgment for the amount of his recovery in the lien suit; and the defendants appealed.

For the appellants, a brief was filed by *Bingham & Pierce*, and the cause was argued orally by *J. M. Bingham*. They contended, 1. That plaintiff acquired no lien on the property in question superior to any of the other liens prior in time; that the petition for a lien is the foundation of the whole proceeding (Laws of 1861, ch. 186, sec. 2; *Dobbs v. Enearl*, 4 Wis., 451); that the complaint must show the filing of the petition (*Dewey v. Fifield*, 2 Wis., 72; *Dean v. Wheeler*, id., 224; *Du Bay v. Uline*, 6 id., 588; *Wright v. Allen*, 26 id., 661; *Hall v. Hinckley*, 32 id., 370), and what follows must be in accordance with the petition, and cannot go beyond it (*Noss v. Cord*, 1 Wis., 389); and that the petition in *Halpin v. Whitley* was for a lien upon *logs and timber*, the prayer thereof was for a lien upon *logs* only, and the complaint was for services performed upon the *logs and timber* thereinafter described; while the property attached, and to which the complaint in the present action refers, is a quantity of pine *lumber* in cribs; and therefore there was no foundation in the proceedings for an attachment in plaintiff's favor upon that property, under

the log-lien law.    Moreover, the affidavit for an attachment did not follow or agree with the petition for a lien in describing the services for which such lien was claimed; the petition following the law, and describing them as services " in cutting, falling, hauling, driving, running, rafting, booming, cribbing and towing," while the affidavit describes them as services done " in sawing, sorting, rafting and cribbing."   In his evidence in the present action, the plaintiff testifies that a part of his services consisted in helping to *boom* the logs; but in the record of the lien suit there is no claim for or evidence of booming; and if any part of the lien judgment was for services for which he had no lien, that invalidates the whole judgment.   *Bicknell v. Trickey*, 34 Me., 273.   2. That the court erred in refusing to instruct the jury that if the sheriff demanded a bond of indemnity, which was not given, he was not bound to hold the attached property.   No bond was given by the plaintiff as required by the general attachment law; and while the process directed the sheriff to take specific property (which is usually his protection), yet in this case there were conflicting claims upon the property, both by way of liens and by disputed title.   3. That the court erred in refusing to instruct the jury that if the sheriff demanded of plaintiff the necessary expenses of holding the lumber, and plaintiff refused to advance the same, the sheriff was not bound to hold it.

*Arthur Gough*, for the respondent:

1. In the petition for a lien the property is described as "logs and timber;" in the affidavit for an attachment, as " timber;" in the writ, as "pine lumber;" in the judgment, as "lumber attached in this action."   There being no doubt that all these are descriptions of the property on which plaintiff performed the labor and services for which the law gave him a lien, the objection to the various descriptions is purely technical and unimportant.   Nor is there any real discrepancy in the descriptions.   Sec. 1, ch. 186, Laws of 1861, under which

the lien accrued, classes every form of material there referred to, under the general head of "logs and timber;" and this court has held that even shingles may come under that description. *Battis v. Hamlin*, 22 Wis., 669.   See also Webster's Dic., under the words "Lumber," "Timber," and "Logs."   2.  Sec. 7 of said ch. 186 provides that no undertaking shall be required except by order as therein provided.   Besides, plaintiff testifies distinctly that no bond was ever required of him; and *Hall* also testifies that plaintiff agreed to pay for watching the lumber, yet admits that he himself paid no further attention to it.   3.  Taylor's attachment was a mere general one, on simple contract, and as such would be subordinate to that of the plaintiff.

LYON, J.   The merits of the case seem to be with the plaintiff.   He performed labor on certain logs, timber or lumber, and brought his action to enforce the lien thereon which the law gave him for the value of his labor.   The sheriff seized the property by virtue of the attachment issued in such action, but subject to three other similar attachments previously levied on the property.   The amounts for which the prior attachments were issued, aggregated much less than the value of the property seized.   It appeared on the trial, although not stated in the answer, that one Taylor had previously attached the same property under the general attachment law, for a debt against Whitley exceeding in amount the value of the property.   But such debt was not for work performed upon the property, and of course the plaintiff's attachment was paramount to Taylor's. Barron & Carmichael purchased Taylor's demand, and also the claims of the three prior attaching laborers; and thereupon the sheriff released the property, or so much of it as remained in his hands, to that firm, regardless of the plaintiff's attachment. Before that time, he surrendered a portion of the attached property to Swan & McRae without process, on their claim that they owned it.   The plaintiff prosecuted his lien suit, and

Halpin vs. Hall and others.

recovered judgment establishing his lien on the property attached; but because of the acts of the sheriff his judgment is unavailing.

On these facts alone no argument is required to show that by his voluntary surrender of the property the sheriff violated his duty, to the injury of the plaintiff, and that such violation of duty is a breach of the condition of his official bond. The judgment, therefore, is right on the merits, and should not be disturbed, unless some other fact disclosed by the evidence, or some erroneous ruling on the trial, is fatal to it. And this brings us to the inquiry whether any such ruling, or the existence of any such fact, is disclosed by the record. The inquiry will not be extended beyond the assignment of errors presented on behalf of the appellants.

I. It is claimed that the plaintiff's attachment could not lawfully be executed while there were other lien attachments upon the same property, and that the attempted service thereof by the sheriff was a nullity.

The point is not well taken. There can be no doubt that it was competent for the sheriff to execute the process subject to the prior attachments, and thereafter to hold it on the four attachments.

II. In the various proceedings in the lien suit, the terms "logs," "lumber" and "timber" are used indiscriminately, and there is some confusion in the statements in different documents of the specific services which the plaintiff performed upon the property in question. It is objected that because of these the plaintiff cannot recover, or, at most, that he can only recover a portion of his claim. But that the plaintiff did perform labor or service upon the property attached, of the character mentioned in the statute giving the lien (Laws of 1861, ch. 186, sec. 1; Tay. Stats., 1768, § 25), was determined by the lien judgment, was abundantly proved in this action, and must have been found by the jury under the charge of the court. That is the substantial thing; and we think the

inaccuracies and confusion of terms upon which the objection is based, are immaterial and harmless.

III. The remaining errors assigned are, the refusal of the court to give the jury the following instructions proposed on behalf of the defendants:

"1. If the defendant, as sheriff, demanded a bond of indemnity as a condition of holding the lumber and property in question, and the plaintiff refused to deliver such a bond of indemnity, then the defendant was not bound to hold the, attached property.

"2. If the defendant, as sheriff, demanded of the plaintiff the expenses necessary to hold the lumber or property in question, and the plaintiff refused to advance the same, the defendant, as sheriff, was not bound to hold the property at his own expense.

"3. If the property in question was incumbered by attachments levied prior to the attachment of the plaintiff in his case, against Whitley, to the full value of the property in question, then the defendant is not liable to the plaintiff in this action."

1. The sheriff had no right to demand such security without first procuring the order of a court, judge, or court commissioner, requiring the plaintiff to give it. Such, we think, is the correct construction of the statute on that subject. Laws of 1861, ch. 186, sec. 7; Tay. Stats., 1770, § 32. It is not claimed that any such order was procured. Hence, we are of the opinion that the plaintiff was under no obligation to give the security, and the instruction was properly refused.*

2. Conceding, for the purposes of this appeal, that the sheriff might lawfully require the plaintiff to advance the necessary expenses of holding the attached property (a point we do not determine), the plaintiff could not be in default for not making such advances, until a sufficient demand had been made therefor. The testimony of the sheriff is, that he told

---

* But see the opinion on a motion for rehearing, *infra*. REP.

the plaintiff he must advance the expenses necessary to take care of the lumber, and the plaintiff said he would do so. There is no evidence that the sheriff stated the sum that he required for that purpose, or informed the plaintiff that he would surrender the property to the claimants unless the money was forthcoming. The demand was clearly insufficient. Besides, there is good reason to believe that the property was not surrendered for any such reason.

3. The last proposed instruction is defective in that it does not discriminate between Taylor's attachment under the general attachment law, and those issued in the actions to enforce specific liens upon the property — the latter having priority over Taylor's, although his attachment may have been first served.

The charge of the learned circuit judge on this branch of the case was fully as favorable to the defendants as the law permits. He instructed the jury, that, " as to any attachments to enforce liens for labor which were executed before the *Halpin* attachment, if the amount due on those claims, and the costs, were sufficient to absorb the whole amount which the lumber attached could have been sold for on execution, then the plaintiff was not injured by the appropriation of the attached property to the satisfaction of such prior liens, and cannot recover in this action."

We are satisfied that all of the proposed instructions were properly refused, and that the record discloses no material error — at least none of which the defendants can justly complain.

The judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.

On a motion for a rehearing, defendant's counsel argued, *inter alia*, that in a suit under the lien law the return of the attaching officer has no tendency to establish the identity of the property *attached* with that upon which the labor was per-

formed, but such identity must be proved *aliunde*; that the record of a judgment in such a case must show that the logs upon which the labor was expended are the same which in the writ are commanded to be attached, and which were attached and returned by the officer (*Thompson v. Gilmore*, 50 Me., 428–432; *Bicknell v. Trickey*, 34 id., 273); that the lien judgment here in question merely declares that the amount of damages and costs there named "is a lien on the *timber set forth in the complaint herein*," and the execution directs the sheriff to levy particularly upon " *lumber attached* in this action," while there was no proof in the case that the lumber described in the execution and the timber described in the judgment were identical; that the execution should have followed the judgment in describing the property; and that the whole record in the lien judgment, therefore, does not show any valid judgment, or any violation of duty by the defendant in neglecting to levy said execution.   Counsel further contended that, "in all cases where an officer has reasonable ground for doubt whether he can lawfully execute process placed in his hands against the person or property in question, he may demand indemnity from the plaintiff in such process, and refuse to execute it without " (*Grace v. Mitchell*, 31 Wis., 533); and that the sheriff's right to such indemnity in this case was not affected by the provision in sec. 7, ch. 186, Laws of 1861 (the only log-lien law applicable to Chippewa county), to the effect that the plaintiff in such an action " shall not be required to give the undertaking or security for costs or damages " required by sec. 5, ch. 130, R. S. (Tay. Stats., 1470, § 7), because the section last named has no reference to a bond of indemnity required by the *sheriff* for his own protection, but to the undertaking which might be required by the *defendant* in such an action.

Plaintiff's counsel, in reply, contended, *inter alia*, that a judgment declaring a lien "upon the property described in the complaint" is in exact accordance with the statute, and

the execution also gave the sheriff the proper directions (sec. 13, ch. 186, Laws of 1861); and that there was no need of any indemnity being given to the sheriff, because a writ commanding him to seize *specific property* was itself a full protection. *Griffith v. Smith*, 22 Wis., 646; *Battis v. Hamlin*, id., 669; *Union Lumbering Co. v. Tronson*, 36 id., 126.

PER CURIAM. We probably erred in holding, as we did in the former opinion, that the sheriff could not properly demand indemnity of the plaintiff without an order requiring the plaintiff to give it. The section of the statute cited to that position (Laws of 1861, ch. 186, sec. 7), we now think does not sustain it. The provision relates to indemnity to the defendant, not to the sheriff; and we are inclined to think that sec. 58, ch. 130, R. S., is applicable to the case. But this view will not change the result, for there seems to be nothing in the record which shows that the sheriff had reasonable ground to doubt whether he could lawfully obey the mandate of the execution. Besides, no sufficient demand for indemnity was made. The remarks in the opinion in respect to the insufficiency of the demand for expenses of holding the attached property, are equally applicable to this branch of the case.

On all other points we are satisfied with the views expressed in the opinion.

Motion denied.