HESSE, Appellant, vs. HARGRAVES, Respondent.

*October 16 — November 5, 1889.*

*Replevin: Property seized on execution: Nonsuit.*

In an action by the defendant in an execution to recover goods seized thereon, a nonsuit should be granted if the evidence fails to show that the goods were exempt. R. S. sec. 3732.

APPEAL from the County Court of *Fond du Lac* County. The case is stated in the opinion.

For the appellant there was a brief by *Duffy & McCrory*, and oral argument by *J. H. McCrory*. They contended, *inter alia*, that the testimony conclusively proved that the plaintiff held the property in question as bailee. Being entitled, as such bailee, to the possession of the property, he may maintain this action. R. S. sec. 3732; *Gillett v. Treganza*, 6 Wis. 343; *Child v. Child*, 13 id. 17; *Beckwith v. Philleo*, 15 id. 223; *Timp v. Dockham*, 32 id. 146; *Mitchell v. Roberts*, 50 N. H. 486; 2 Bouvier, Law Dict. tit. REPLEVIN; *Kellogg v. Adams*, 51 Wis. 138; *James v. Van Duyn*, 45 id. 512; *Wambold v. Vick*, 50 id. 456; *Kirby v. Miller*, 4 Coldw. 3; *Frost v. Mott*, 34 N. Y. 253; *Bassett v. Armstrong*, 6 Mich. 397; *Hopper v. Miller*, 76 N. C. 402; *Simpson v. Wrenn*, 50 Ill. 222; *Mears v. Waples*, 4 Houst. 62; *Nat. Bank v. Crocker*, 111 Mass. 163; *Nat. Bank v. Dearborn,*

115 id. 219; 5 Wait's Act. & Def. 474; *Martin v. Watson*, 8 Wis. 315.

For the respondent the cause was submitted on the brief of *A. E. Dunlap*, attorney, and *G. J. Cox*, of counsel. They argued, among other things, that the plaintiff had no such title or right to possession as would permit him to maintain the action. When the title to the property is shown to be in a third person the plaintiff cannot recover the possession of it. *Griffin v. L. I. R. Co.* 101 N. Y. 348. The complaint should have set out the interest the plaintiff had in the property if he did not claim to be the owner. *Child v. Child*, 13 Wis. 17; *Hass v. Prescott*, 38 id. 146. A defendant in an execution cannot maintain replevin for property levied upon unless the right of action is expressly given by statute. 5 Wait's Act. & Def. 487. The statute expressly prohibits the bringing of this action. R. S. sec. 3732; *Carney v. Doyle*, 14 Wis. 270; 1 Wait's Pr. 723.

Orton, J. This is an action of replevin in which the plaintiff made affidavit, as the statute requires, that the property sought to be recovered " had not been seized under an execution or attachment against his goods and chattels liable to execution." The defendant answered that he took and detains the property as a deputy-sheriff on an execution issued on a judgment in an action wherein one A. E. Dunlap was plaintiff, and this plaintiff was defendant, as the property of the plaintiff, and that said goods and chattels were the property of the plaintiff and liable to execution.

On the trial in the county court, and on cross-examination of the plaintiff as a witness in his own behalf, he testified " that the property was taken from him by the defendant, and that he said he would take the property on execution." It was then conceded in open court "that the property was taken on execution against the plaintiff, and that the defendant was a deputy-sheriff." After some further testimony

tending to show that the plaintiff was entitled to the possession of the property, and without showing that the same was exempt from execution, at the close of the plaintiff's evidence the court granted a nonsuit on motion of the defendant.

The plaintiff's testimony contradicted his affidavit, which was the foundation of his action. The statute (sec. 3732, R. S.) provides that such an action shall not be maintained. by a judgment defendant, except for property exempt from execution. See, also, *Carney v. Doyle,* 14 Wis. 270; *Union L. Co. v. Tronson,* 36 Wis. 126; *Griffith v. Smith,* 22 Wis. 646; *Battis v. Hamlin,* 22 Wis. 669; 1 Wait's Pr. 723.

*By the Court.*— The judgment of the county court is affirmed.