STERN, Respondent, vs. RICHES, Appellant.

*September 27 — October 15, 1900.*

*Replevin: Superior right of third person: Chattel mortgage.*

A constable seized under a writ of attachment a stock of goods upon which there was a chattel mortgage. Subsequent to the levy the mortgagor claimed her exemptions, which were selected but delivery thereof was refused. Thereafter the mortgagee demanded possession of the property under the mortgage. Before the latter had changed her attitude the mortgagor brought replevin against the constable for the goods selected as exempt. *Held*, that the plaintiff could not recover, since the defendant established the superior right of a third person to the goods at the time of the commencement of the action, and connected himself with such person.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Reversed.*

Action to recover possession of personal property. Plaintiff, being the owner of a stock of merchandise and store fixtures located in a grocery store kept by her, mortgaged the same to Gertie Stern and the mortgage was duly filed. The mortgage contained the usual provision empowering the mortgagee to take possession of the property if at any time

Stern vs. Riches.

she deemed herself insecure. While the mortgage was in force defendant, as constable, pursuant to a writ of attachment duly issued and placed in his hands as constable to be executed, seized and took said property into his possession. Subsequent to the levy plaintiff, acting through her duly authorized agent, informed defendant that she claimed $200 in value of the property as exempt from seizure on attachment under the statute on the subject of exempt property, and requested an appraisal of the goods under the statute in order that she might choose her exemptions. Defendant recognized plaintiff's right to the extent of having an appraisal made, and she selected her exemptions and demanded delivery of the same to her, which was refused. Subsequently the mortgagee, by a duly authorized agent, demanded of defendant possession of the property pursuant to the terms of her mortgage. Thereafter, and without the mortgagee changing her attitude in respect to the property, this action in replevin was commenced by plaintiff to recover the property chosen by her as exempt from attachment. Certain issues of fact were submitted to the jury for decision, and the case, with the verdict rendered, was submitted to the court for findings of fact and conclusions of law. Such submission made the trial substantially a trial by the court. The facts found were as above stated. Judgment was rendered for plaintiff.

For the appellant there was a brief by *A. T. Rock* and *Ross, Dwyer & Hile*, and oral argument by *Mr. Rock*.

For the respondent the cause was submitted on the brief of *Victor Linley*.

MARSHALL, J. This case is ruled by two very familiar principles, viz.: In an action of replevin the plaintiff's right to recover must be tested by the facts existing at the time of the commencement of the action. The defendant may defeat the plaintiff's claim by proving right of possession of

the property in dispute at the time of the commencement of the action in a third person and connecting himself with such third person. Conceding that appellant should have delivered the property in question to respondent as exempt from attachment, it stands without dispute that this action was not commenced till the mortgagee demanded possession of such property and perfected her cause of action to recover the same from appellant. Now, as the right of the mortgagee was superior to that of respondent upon her choosing to assert the same, when she perfected her right to maintain an action to recover the property of appellant, that necessarily superseded the claim of respondent to the property. Appellant, by proving the superior right of the mortgagee and the demand by her for possession of the property, clearly established right to the possession thereof in a third person not before the court and connected himself with such third person, and judgment should have been rendered in his favor accordingly. *Timp v. Dockham*, 32 Wis. 146; Wells, Replevin, §§ 689, 692.

*By the Court.*— The judgment of the superior court is reversed, and the cause remanded with directions to render judgment in favor of defendant.