IREY, Appellant, vs. GORMAN, Respondent.

*April 21—May 8, 1902.*

*Replevin: Property taken on attachment: Possession of receiptor.*

The possession of a receiptor for property taken under a lawful writ of attachment is the possession of the officer to whom he is accountable, and replevin to recover such property cannot be maintained by the defendant in the attachment suit while that suit is still pending.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

An action of replevin instituted by plaintiff for the recovery of a mare named Mabel L., of the alleged value of $1,000. Plaintiff gave the undertaking required by statute for the delivery of the property. Defendant answered by way of general denial, and alleged that he was in lawful possession of the mare, upon the grounds, first, that at the time of the commencement of this action the mare was in his possession as receiptor of the officer who had taken her under writ of attachment in an action then pending in justice's court upon complaint of one A. T. Malley against this plaintiff; secondly, upon the ground that he held the mare by virtue of a lien for her board and feed. It appears that the plaintiff owned the mare in the spring of 1899, and delivered her, pursuant to an agreement, to A. T. Malley, of Council Bluffs, Iowa, for training and racing purposes in the states of Iowa and Nebraska for the season of 1899; that Malley received her for such purposes for the season, and then proceeded to the South, finally reaching Atlanta, Georgia. During the winter season Malley applied to plaintiff for financial assistance, which he declined, but insisted that the mare be redelivered to him. Malley then, in the early part of February, 1900, shipped her to Milwaukee. Upon her arrival he arranged with one

Crocker for her board and care, who held her under this arrangement until March 21st, when the defendant, *Gorman,* pursuant to an arrangement with Malley, paid the amount advanced for freight and her board, amounting to $85. Defendant had no negotiations with plaintiff when he took the mare into his possession. Ten days thereafter Malley brought an action, upon a claim for money alleged to be due him, against *Irey,* in justice's court in Milwaukee county, and attached the mare. The officer, under such writ of attachment, levied upon the mare, and then placed her in possession of the defendant, *Gorman,* who held her as receiptor when *Irey* instituted this action of replevin. *Irey* appeared in the attachment suit, defended the same, and appealed from a judgment against him to the superior court for Milwaukee county, where the action is still pending. This action was tried in May, 1902, in the circuit court for Milwaukee county. The court directed a verdict in favor of defendant, upon the ground that, at the time plaintiff instituted this suit in replevin, Mabel L. was in defendant's custody as receiptor of the officer who had levied upon her in the attachment suit against the plaintiff in this action.

*Adolph Huebschmann,* for the appellant.

For the respondent there was a brief by *Fiebing & Killilea,* of counsel, and oral argument by *O. J. Fiebing.*

SIEBECKER, J. This case comes within rules announced by this court in its earliest decisions. The officer for whom defendant claims to have acted as custodian of the mare when this replevin action was instituted held her by virtue of a writ of attachment in an action against the plaintiff. The attachment suit is still pending. In a case where the parties were similarly situated, this court said:

"The general doctrine that an officer is protected in his acts performed in obedience to the command of a valid process placed in his hands to be executed is too well settled to be

doubted.  In this case the writ of replevin commanded the officer to take the property in dispute and deliver it to the plaintiff upon his giving the bond required by the statute. We see no reason why the officer should be made liable to an action for doing that which his duty required of him."  *Watkins v. Page,* 2 Wis. 98, subsequently approved in *Weinberg v. Conover,* 4 Wis. 803, *Griffith v. Smith,* 22 Wis. 646, and other cases.

The defendant asserts a legal right to the possession of this mare as receiptor to the officer who had levied upon and held her under the writ of attachment in an action against the plaintiff.   It is abundantly established by express adjudications that a receiptor to an officer for property which has been taken by a lawful writ is in possession for such officer.   His possession is, in law, that of the officer to whom he is accountable.   When he is shown to stand in that relation to the officer, he may rest his right to maintain possession upon this principle, as against the plaintiff's claim.   *Stern v. Riches,* 111 Wis. 589, 87 N. W. 554; *Mayhue v. Snell,* 37 Mich. 305; Wells, Replevin, § 131.   The defendant alleged and proved that at the time of the commencement of this replevin suit he was in possession as receiptor to the officer who had attached the mare in a suit against the plaintiff as owner.

Some claim is made that the evidence fails to show that the acts of the officer under the writ of attachment in justice's court against this plaintiff did not constitute a levy, in the law.   We think it appears sufficiently that the levy was properly made under the writ, and that the defendant did receipt to the officer for the mare.   The motion for direction of a verdict in defendant's favor was properly granted.

*By the Court.*—Judgment affirmed.