RUBIN, Respondent, vs. SCHRANK, Sheriff, and another, imp., Appellants.

*February 10—March 8, 1932.*

For the appellants there was a brief by *George A. Bowman,* district attorney of Milwaukee county, *O. L. O'Boyle,* corporation counsel, and *Clark J. A. Hazelwood,* assistant corporation counsel, and oral argument by *Mr. Hazelwood.*

*Maurice A. Goldberg* of Milwaukee, for the respondent.

FRITZ, J.   So far as material on this appeal, the following facts are alleged in the complaint, which defendants, Benson and Schrank, contend fails to state sufficient facts to constitute a cause of action against them.   They are, respectively, the sheriff and a deputy sheriff of Milwaukee county. As such officers, on January 20, 1931, they caused plaintiff's imprisonment in the county jail for twenty-four hours, following an arrest by them under a warrant issued on that date. by George J. Graebner as a court commissioner.   The warrant was issued in supplementary proceedings commenced against plaintiff herein, Harry Rubin, as a judgment debtor.   The judgment creditor had filed an affidavit stating the jurisdictional facts essential to authorize the issuance of a warrant under sec. 273.05, Stats., which provides that—

"the judge, upon proof by affidavit, to his satisfaction, that there is danger of the judgment debtor's leaving the

state or concealing himself and that there is reason to believe that he has property which he unjustly refuses to apply to such judgment, may issue a warrant requiring the sheriff of any county where such debtor may be to arrest him and bring him before such judge to answer concerning his property."

The warrant, issued and placed in the hands of the sheriff on January 20, 1931, after reciting the existence of essential jurisdictional facts, provided:

"Now, therefore, we do warrant and command you that you arrest the said Harry Rubin, alias, and bring him before the undersigned, a court commissioner in and for Milwaukee county, at my office, Suite 747 Empire Bldg., 196 West Water St., in the city of Milwaukee, Milwaukee county, Wisconsin, on the 26th day of January, A. D. 1931, at 2 o'clock in the afternoon,, to answer on oath concerning his property."

Such prompt compliance, as is usually required in the performance of the duties of an arresting officer, required the sheriff, under the command of that warrant, if valid, to arrest Rubin, without delay, as soon as the sheriff could serve the warrant on Rubin after receiving it on January 20, 1931. That arrest was accomplished on that date, and, if the requirement in the warrant had been in strict accordance with sec. 273.05, Stats., it would have directed the bringing of Rubin before the court commissioner without the delay, which was necessarily the result of deferring, by express specification, the time of such appearance to January 26, 1931, at 2 p. m. On the face of the warrant, compliance therewith, under that state of affairs, necessitated the detention of Rubin, under arrest, from the time of his arrest on January 21 until January 26, 1931. No such restraint or deprivation of the liberty of a judgment debtor, on a mere *ex parte* application, and without any opportunity for an immediate or at least prompt hearing on his part,

is authorized by sec. 273.05, Stats. It is frankly conceded by appellants' counsel that the New York courts have construed a similar statute as authorizing a warrant returnable only forthwith and that the same construction has been followed in Kansas in the case of *Haglund v. Burdick State Bank,* 100 Kan. 279, 164 Pac. 167.

This court in commenting on the construction to be given sec. 273.05, Stats. (formerly numbered sec. 3032), in so far as it authorizes arrests, said:

"The construction of this statute ought to be strict. It is at best a violent remedy. . . . By all rules of construction not only this statute should be construed strictly, but the proceedings under it must follow the statute strictly or no authority is conferred by it. It is a proceeding in which a defendant in a judgment on contract may be imprisoned, and in favor of liberty it should strictly comply with the law. . . . The liberty of the citizen must not be infringed without the strict warrant of law." *Smith v. Weeks,* 60 Wis. 94, 107, 108, 18 N. W. 778.

Strictly construed, sec. 273.05, Stats., does not authorize the detention of the judgment debtor otherwise than to "bring him before such judge." A warrant which, in advance of the arrest commanded thereby, expressly sets a date in the future on which the sheriff is to bring the debtor before the judge, and which thus, in advance, puts off such appearance beyond the time which is in fact required to apprehend and produce the debtor, discloses on its face that it is not in conformance with the statute. The rule that the sheriff, as ministerial officer, should be protected in performing his official duties applies only when the writ, under which he is acting, is in all essential respects fair, regular, and legal on its face, and he is not chargeable with knowledge to the contrary. As was said in 2 Cooley on Torts (3d ed.) p. 883:

" . . . That process may be said to be fair on its face which proceeds from a court, magistrate, or body having

authority of law to issue process of that nature, and which is legal in form and on its face contains nothing to notify or fairly apprise the officer that it is issued without authority."

This court said in *Lueck v. Heisler,* 87 Wis. 644, 646, 647, 58 N. W. 1101:

"Process which is not fair and regular upon its face does not protect the officer who serves it. . . . The law under which a process issues is a part of the process. The officer is bound to know what the law is. If his process is bad upon its face he must take notice of that fact."

Accordingly, in *Lueck v. Heisler, supra,* a deputy sheriff was held liable for false imprisonment when the warrant, on which he had made the arrest and relied for protection, was held defective on its face as a matter of law. The arrest was made in a criminal prosecution for obtaining goods by false pretenses. There was a statement in the warrant, as well as in the complaint, that the complainant knew that the pretense was false when made. Consequently, in view of that statement as to the knowledge of the complainant, the accused's conduct did not, as a matter of law, constitute a criminal offense. "So," the court said, "the warrant on which the plaintiff was arrested was not fair upon its face. It showed upon its face that it was issued in a case in which the magistrate had no authority to issue it, and the officer was bound to know its infirmity. He is not protected by the warrant. This makes a clear case for false imprisonment against the defendant."

In *Smith v. Weeks, supra,* the order for arrest was issued by a court commissioner for contempt of court because of the debtor's failure to appear pursuant to an order for examination in supplementary proceedings. The statute authorizing the order for appearance required proof to the "satisfaction" of the officer issuing the order that the debtor has property which he unjustly refuses to apply to the pay-

ment of the judgment. The order for the arrest because of the contempt recited that the essential jurisdictional fact "appeared" to the commissioner upon "sufficient" affidavit, instead of stating that the order for the appearance of the debtor was made, as required by the statute, upon "proof by affidavit to his satisfaction." That technical deviation from the letter of the statute, which was ascertainable only upon comparison of the words in the recitals in the order with the words of the statute, was held to render the order of arrest void, as a matter of law; and the sheriff was held chargeable with knowledge of the defect and, consequently, liable for false imprisonment because of an arrest under such void order. The court said:

"It does not appear in this recital that the commissioner had any authority to make the order. This was a fatal departure from the statute, and, we think, goes to the jurisdiction of that officer, and, that appearing on the face of the writ, the writ affords no protection to the defendants to make the arrest. They, as all others, are bound to know the law, and must take the risks of unlawful imprisonments when the want of jurisdiction appears upon their process."

Of course, where a writ is valid in form, with nothing on its face showing a want or loss of jurisdiction, as a matter of law, for the issuance of the writ, and a ministerial officer executing it in the performance of his official duties is not otherwise chargeable with knowledge to the contrary, the writ will afford protection to him. *Watkins v. Page,* 2 Wis. 92; *Weinberg v. Conover,* 4 Wis. 803; *Bogert v. Phelps,* 14 Wis. 88; *Griffith v. Smith,* 22 Wis. 646; *McLean v. Cook,* 23 Wis. 364; *Bonesteel v. Bonesteel,* 28 Wis. 245; *Grace v. Mitchell,* 31 Wis. 533; *Union L. Co. v. Tronson,* 36 Wis. 126; *Holz v. Rediske,* 116 Wis. 353, 92 N. W. 1105; *Irey v. Gorman,* 118 Wis. 8, 94 N. W. 658.

*By the Court.*—Order affirmed.