Shipman *v.* Clark.

---

SHIPMAN *vs.* CLARK and others.

A sheriff is not liable in trespass for replevying the property mentioned in the writ, though it belong to a stranger to the replevin suit and be found in his possession. *Semble. Per* BRONSON, C. J.

But the party who sued out the writ is not protected by it, if he cause the property of a stranger to be replevied.

TRESPASS for thirteen pieces of elm timber, tried at the Otsego circuit in September, 1844, before GRIDLEY, Cir. Judge. The

Shipman *v.* Clark.

plaintiff proved that the defendants took the timber out of his possession—his workmen being engaged in framing it at the time—and drew it away. The defendants gave in evidence a writ of replevin issued out of this court in favor of Ann L. Clark, one of the defendants, against one John F. Scott, by which the sheriff was commanded to replevy eleven or more pieces of hewn elm timber. Bond was given, and affidavit made. The sheriff, by virtue of the writ, took the timber in question, and delivered it to Mrs. Clark, and she and the other defendants drew it away. The timber had been taken from lands claimed by Mrs. Clark, and which were in dispute between her and Scott, the defendant in the replevin. The defendants moved for a nonsuit on the ground that, as the timber had been taken by virtue of the writ of replevin and delivered to Mrs. Clark, she and the other defendants could not be trespassers for carrying it away. The judge ordered a nonsuit; and the plaintiff moves for a new trial on a case.

*Amos Dean,* for the plaintiff, said that the replevin suit being between other parties, the plaintiff was not affected by it. The *officer* might perhaps justify himself in serving the writ; but it would be hostile to settled principles to protect the party who sued it out against the owner of the property who was a stranger to the suit. The plaintiff, it is true, might have interposed a claim of property, but he was not confined to that remedy. (13 *Wend.* 256.)

*S. Stevens,* for the defendants. The writ of replevin in terms directed the sheriff to deliver this identical property to the defendant Mrs. Clark. Trespass never lies for an act done pursuant to the mandate of valid process. The taking must be intended to be the act of the law. (*Carthew's R.* 380.)

*By the Court,* BRONSON, Ch. J. On an execution against the goods of A., the officer acts at his peril if he take the goods of B. But in replevin, where the command of the writ is to replevy and deliver certain specified chattels, the process may be a sufficient

protection to the officer, though he take the chattels from the possession, and they be the property of one who is a stranger to the writ. (*Hallett* v. *Byrt, Carthew,* 380.) But in such a case, the process can be no justification to the plaintiff in the replevin; or to those who act under his authority in removing the goods. It would be strange indeed, if a man could sue out a writ against A., and take the goods of B. with impunity.

The person whose goods are taken is not confined to a claim of property before the sheriff; but may have the usual remedy by action, or retake the goods without process, if he can do it peaceably. (*Spencer* v. *McGowen,* 13 *Wend.* 256.)

The plaintiff was in possession of the timber, and that was *prima facie* evidence of title. It was not enough for the defendants to show the writ of replevin against Scott. They must meet the question of title. The fact that the timber had been taken from lands in dispute between Mrs. Clark and Scott amounts to nothing, without showing that Mrs. Clark owned the land.

New trial granted.