JOHN WATKINS, *Plaintiff in Error.*

*vs.*

HERMAN L. PAGE, *Defendant in Error.*

ERROR TO MILWAUKEE CIRCUIT COURT.

An appraisement made by appraisers, not sworn, to assess the value of property taken by the sheriff by virtue of a writ of replevin, and returned by him with his writ, is not competent evidence to prove the value of the property.

It is the duty of an officer executing a writ of replevin, to have the value of the property ascertained by the oath of one or more disinterested witnesses to be sworn and examined by the sheriff.

Where it appears on the face of the officer's return, that it is not in compliance with the statute, but in violation thereof, such return is not evidence.

Whether an appraisal upon a writ of replevin, made in conformity with the statute, and returned by the officer executing the writ, would be competent evidence, *quere ?*

Replevin cannot be maintained against an officer who holds the property in his possession by virtue of another writ of replevin, to which the plaintiff in the second writ is not a party or privy. SMITH, Justice, *dissenting.*

The owner of property, out of whose possession the property has been taken by the sheriff under a writ of replevin, to which such owner was not a party or privy, cannot maintain replevin against the officer while he holds the property under such writ. SMITH, *dissenting.*

This was an action of replevin brought in the court below, by the plaintiff in error against the defendant in error, to recover possession of certain personal property. At the trial of the cause in the court below, the plaintiff produced and read in evidence a chattel mortgage upon the goods in question, given by Henry Watkins and Eliza Watkins to him, to secure the payment of about one thousand dollars, which chattel mortgage had been duly filed and recorded in the office of the clerk of the city of Milwaukee, on or about the 21st of October, A. D. 1851, on which day it bore date. The plaintiff further

proved the title of the property in said Henry and Eli-
za Watkins ; that prior to the suing out of the writ of
replevin, the defendants took possession of the prop-
erty, by virtue of a process against said John and Eli-
za, and that the plaintiff had demanded possession
from the defendants.   The plaintiff further proved a
formal delivery of the property to the plaintiff, at the
time of the execution of the chattel mortgage—the
plaintiff and the said Henry and Eliza then occupying
the same house ; and for the purpose of showing a
continued possession in the plaintiff, down to the time
of the seizure of said property by the defendant as
aforesaid, they offered as a witness George Munn, who
testified as follows, to-wit :

"I was at the Tremont House all the time before
the levy, and understood from John Watkins that the
property was his and in his possession ; he exercised
acts of ownership over it, not less before than after
the levy.   I do not recollect being present at the de-
livery of the property to John Watkins.   Before the
levy, I heard John Watkins make declarations, and
talk about his ownership of the property."

Whereupon the plaintiff asked the following ques-
tion, to-wit :  "What were those declarations ?"   To
which question the said defendants objected, and the
court sustained the objection and ruled out the ques-
tion, to which ruling the said plaintiff excepted.

The defendants gave in evidence a chattel mortgage,
executed to Miriam Reed, prior to the time of the
execution of the mortgage to the plaintiff by the
same parties, said Henry and Eliza, recorded and filed
with the clerk of said city more than a year prior to
the issuing the writ of replevin by Miriam Reed, as
hereinafter mentioned, but never renewed by affidavit

Dec. Term
1853.

Watkins
vs.
Page.

or otherwise, as required by the statute. Said chattel mortgage bore date July 18th, A. D. 1850, to secure the payment of twenty-five hundred dollars, and interest at the rate of twenty-three per cent. The defendants further gave in evidence a writ of replevin, sued out by said Miriam Reed against the said Henry and Eliza Watkins, (mortgagees,) by virtue of which they seized the goods in question, and were in possession of them at the time of the service of the said writ of replevin, sued out by the plaintiff in error. The defendants further gave evidence tending to impeach the transaction between Henry and Eliza Watkins, mortgagees, and the plaintiff; and the plaintiff gave evidence to sustain it.

A great amount of other testimony was produced by both parties, but not materially affecting the points upon which the case was decided by the court.

The plaintiff contended that, although a subsequent incumbrance, yet the neglect of Miriam Reed to comply with the statute had given him the precedence, and that, not being a defendant to the writ of replevin sued out by said Reed, he was not affected by it.

The court instructed the jury as follows, to-wit:

" In this case, the action of replevin cannot be maintained, for the reason that the property replevied was in the hands of an officer on a writ of replevin in favor of Miriam Reed, against Henry Watkins and Eliza Ann Watkins, and the only thing to be considered is the value of the property ; that a writ of replevin does not lie to take property in the hands of an officer on another writ of replevin." (Here the defendants elected to take the value of the property, and the court continued its instructions.) " The only thing for the jury to consider in this case, is the value of the

property on the day the writ of replevin was levied.

The writ of replevin is in evidence, and the schedule of the property annexed, which is admitted by the party to be correct, so far as it describes the articles of property. As to the value, the jury have before them the prices of the articles, annexed to the articles on the schedule ; the sheriff has returned it, and it has been received in evidence without objection. The plaintiff now asks the court to instruct you that the appraisal, as it appears, is no evidence ; but the court cannot so instruct you. It is not set forth in so satisfactory a manner as it might have been, and is not therefore entitled to the same weight as if it distinctly appeared that the appraisers were sworn and made the appraisal under oath. Still, it is before you, returned as an appraisal by the officer, and must be considered in connection with the other evidence. Two witnesses on the part of the plaintiff testified directly, though somewhat generally, to the value. You will give the whole evidence a proper weight, and determine what was the actual cash value of the property on the day of the service of the writ. So find and assess the value. And you will also assess the defendant's damage for the detention of the property at seven per cent. from this day to the day of the service of the writ.".

And thereupon the plaintiff excepted to all that part of the said charge in which the said court instructed the jury that a writ of replevin in said case could not be maintained ; and to all that part of said charge in which the court instructed the jury that a writ of replevin cannot be maintained against an officer in possession under another writ of replevin ; and to all that part of said charge in which the court in-

Dec. Term
1853.

Watkins
vs.
Page.

structed the jury that the only question for them to consider was the value of the property on the day on which the writ of replevin was issued; and to all that part of said charge in which the court instructed the jury that said appraisal contained in said schedule was to be considered by them as testimony as to the value of said property; and to all that part of said charge in which the court instructed the jury to assess damages in favor of the defendant. The jury brought in a verdict in favor of the defendant, and judgment was so entered, to reverse which this writ of error is issued out.

*Brown & Ogden*, for the plaintiff in error, made and argued the following points. The court below erred:

1st. In refusing, after proof of acts of ownership, to admit declarations of the plaintiff, explaining them; such declarations being part of the *res gestae*. 2 *Cow. & H.*, notes 596 *et seq.*, and cases there cited.

2d. In the charge to the jury, that the writ of replevin does not lie to take property from the hands of an officer who holds such property on another writ of replevin. *Illsley vs. Stubbs*, 5 *Mass.* 280; 16 *Mass.* 147; 6 *Halst.* 370; 1 *Wend.* 109. Here the goods were taken from the possession of the plaintiff, on a writ against a third person. *Judd vs. Fox*, 9 *Cowen*, 262–263; 14 *J. R.* 84; 2 *Wend.* 475; *J. J. Marsh*, 121.

The Statutes of Wisconsin give the remedy by replevin to every case not therein excepted. *R. S.* 611, *et seq.;* 5 *Watts and Serg't*, 561.

3d. In instructing the jury that the return of the appraisers was *prima facie* evidence of the value of the property.

The appraisement is a mere mode of ascertaining the penalty of the bond, and has no further significance. *R. S.* 612, *sec.* 8.

4th. It was proved in the case that neither the defendant or plaintiff in the first replevin suit had any interest in the property. The court therefore erred in instructing the jury to give the value of the property and damages to the plaintiff.

- 5th. Replevin can be brought in the *detinet* or *cepit*, where goods have been tortiously taken. 3 *Hill*, 282; 10 *Shep.* 196.

*Finch & Lynde*, for the defendants in error.

. This was an action of replevin brought against the sheriff and his deputy, to recover possession of property held by the deputy on a writ of replevin in his hands.

The property was *in custodia legis*, and was not subject to be replevied, being neither wrongfully taken or wrongfully detained, so long as it was held by the officer in the due execution of the mandate of a writ requiring him to take the specific property and deliver the same to the plaintiff in that writ. *Shipman vs. Clark*, 4 *Denio*, 446; *Carthew's R.* 380.

*By the Court*, WHITON, C. J. At the trial of this cause in the Circuit Court, the judge decided that the action could not be maintained, for the reason that the defendant, Page, had taken the property by virtue of a writ of replevin in favor of third persons.

It is contended that this decision is wrong, and should be reversed, as the right to maintain the action against the officer is given by our Revised Statutes, (*Rev. Stat.*, chap. 119, sec. 1, 2.) But we are of

G

opinion that the sections of our statute referred to do not confer the power to bring the action. Those sections of the statute, taken together, we think give the right to maintain replevin only in cases where other appropriate actions can be brought.

The inquiry then is, whether trespass or trover can be maintained against an officer for taking property by virtue of a writ of replevin. The general doctrine, that an officer is protected in his acts, performed in obedience to the command of a valid process, placed in his hands to be executed, is too well settled to be doubted. In this case, the writ of replevin commanded the officer to take the property in dispute and deliver it to the plaintiff upon his giving the bond required by the statute. We see no reason why the officer should be made liable to an action for doing that which his duty required of him. No reason was stated at the argument why this case should constitute an exception to the general rule above referred to, and we are unable to see any. In the case of *Shipman vs. Clark et al.*, 4 *Denio's R.* 446, Bronson, Ch. J., refers to this doctrine with approbation, and refers to *Hallett vs. Byrt, Carthew*, 380, an authority which is not within our reach. But without authority to show that this point has been determined by express adjudication, we should be content to rest our decision upon the general doctrine, that an officer is protected in all his acts performed in obedience to a valid writ. It also appears that the judge instructed the jury that the appraisal of the property as returned by the officer who executed the writ, was testimony to be considered by them in ascertaining the value of the property, although it did not appear that the appraisers had been sworn as required by the statute.

We think the judge erred in giving this instruction. The statute (*Rev. Stat.*, *chap.* 119, *sec.* 8,) provides that the plaintiff in the action, or some one in his behalf, shall execute a bond to the sheriff, or other officer, to whom the writ is directed, with the addition of his name of office, &c, in a penalty at least double the value of the property specified in the writ, "which value shall be ascertained by the oath of one or more disinterested witnesses to be sworn and examined by the sheriff."

It was contended by the counsel for the plaintiff in error, that this appraisal of the property is made merely for the purpose of informing the sheriff in what sum to take the bond, and is no part of his return to the writ, and consequently not testimony.

Without deciding whether an appraisal of the property made according to the statute, would be testimony or not, we are confident that when the return shows on its face that the statute has not been complied with, it cannot be testimony.

The general doctrine undoubtedly is, that the return of an officer to a writ, is not only evidence, but conclusive evidence of the facts it contains, for all the purposes of the suit; but the officer cannot, by stating facts in his return which are not properly included in it, make the return, as to these facts, testimony. In this case, the officer did in fact return the value of the property, and if the return had shown that the appraisers were sworn, the question would have been presented, whether the value of the property as fixed by the appraisers was a fact which it was his duty to state in his return to the writ. But however this may be, his return, in order to be evidence in any case,

must show a compliance with, and not a violation of law.

The judgment of the Circuit Court is reversed.

SMITH, J. I concur in the opinion of the court, that the judgment of the court below must be reversed, for the error committed on the trial, by the admission of the appraisal as evidence, and in the instructions of the court thereon.

But I do not concur in the opinion of the court, that replevin cannot be maintained against the sheriff who holds property by virtue of another writ of replevin, to which the person seeking to replevy from the sheriff, is not made a party. In other words, I hold that the real owner of property, entitled to the possession, may maintain replevin against the officer who has taken the property from such owner's possession, by virtue of a writ of replevin issued in a cause to which he is not a party. That none but the parties and their privies are affected by the writ, and that the immunity of the officer afforded by his writ does not in such cases extend to the abridgement or preclusion of the rights of persons who are strangers to it.

I had intended to give my views at length, and my reasons for dissenting from my brethren herein, but have been unable to find time and opportunity. The only authorities which counsel have been able to produce in point, to support the doctrine here established, are, *Shipman vs. Clark*, 4 *Denio*, 446; and *Hallett vs. Birt*, *Carthew*, 380, cited by Chief Justice Bronson in *Shipman vs. Clark*. Since this case was decided, I have examined the case in Carthew, and I do not think it reaches to the extent claimed by Chief Justice Bronson.

Dec. Term 1853.

Watkins
vs.
Page.

Upon general principles, it is said this doctrine would be sustained, even were there no authority adduced in its support. But while, upon general principle, an officer is entitled to every reasonable and requisite protection in the execution of legal process, it is equally clear, upon general principle, that no person should be deprived of his property or possessions without due process of law. Due process of law is that process which gives to the party to be affected by it, his day in court. But if third parties may institute process between each other, and seize, or cause the officer to seize my property, and take it from my possession, without giving me a day in court, is not my property taken from me without due process? Am I not a stranger to the process by which the officer seizes and claims to hold my property? I have no day in court. I cannot appear in the action and defend my rights.

It is no answer to say, that my remedy is upon the party who has wrongfully sued out the writ. The sheriff has taken the property from my possession and claims to hold it, and, so far as I am concerned, without any process; and if the plaintiff will give bail, such as the defendant (perhaps a confederate) will accept, he will deliver it over to him, to be disposed of beyond the reach of recaption. I cannot now pursue this subject further, but will merely remark that, while I am willing so to construe the law as to afford all reasonable and necessary protection to officers acting under process, I cannot so far extend that protection as to divest the citizen of his property without process, to which he is either a party or privy.