WM. F. GROSS v. J. C. BOGARD, et al.

REPLEVIN; *Who may Bring Action.* Under our statutes an action of replevin can be maintained against an officer for the recovery of personal property which he holds by virtue of a previously existing order of delivery, provided the plaintiff in the last action was no party to the first action, or first order of delivery. The same rule obtains as to property held under an order of delivery as to that held under an execution or any other mesne or final process; and the party against whom the writ runs is the only one who may not assert his rights to the property by an action of replevin.

*Error from Labette District Court.*

REPLEVIN, for a yoke of oxen, brought by *Gross,* as plaintiff, against *Levi Greenfield* and *J. C. Bogard,* as defendants. *Gross* claimed the oxen as owner. He testified among other facts, that he purchased the oxen from one Wilson, in May 1875, and loaned them to *Greenfield* afterward, to do some breaking; that on the 21st of the following June he applied to *Greenfield* for them, and ascertained that *Bogard,* as constable, had taken them under a writ of replevin issued at the suit of a Mrs. Knight against Wilson. It appeared that *Bogard,* after having taken the cattle under his writ had left them in *Greenfield's* care. *Gross* demanded possession, which was refused, and thereupon he commenced this action. Trial at the November Term 1875. Judgment was given for the defendants, upon demurrer to the evidence, and *Gross* brings the record here for review.

*J. G. Parkhurst,* for plaintiff.

*A. H. Ayres,* for defendants.

The opinion of the court was delivered by

BREWER, J.: Gross brought an action of replevin against the defendants. Upon the trial he proved title in himself, possession in defendants, and demand, and rested. In his testimony it appeared that one of the defendants claimed

possession as constable, and by virtue of a writ of replevin in a suit of Knight against Wilson. A demurrer to the evidence was sustained.

The ruling of the district court can be sustained only upon the theory, that an action of replevin will not under any circumstances lie against an officer to recover property held by him under a writ of replevin. The question must be settled by a reference to our statutes, for it will not be doubted that, at common law, property in the hands of an officer under a writ of replevin was in *custodia legis*, and could not be taken from him by means of another writ. And the same was true of executions, and other process. 1 Chitty's Pl. 164. Our statute has modified the common-law rule, at least as to all process except the writ of replevin, or (as it is termed in the code,) the order for the delivery of property. *Westenberger v. Wheaton*, 8 Kas. 178. That was a case where the defendant in an execution attempted to replevy, and the court held that as to him the common-law rule applied. It however stated the exceptions to that rule in these words, Ch. Justice Kingman delivering the opinion: "The code has so modified this, that any person other than the judgment-debtor, or person against whom the process is issued, may have this remedy because the issues made in any such proceeding by a stranger raise no question as to the validity or regularity of the judgment or process." While this reason does not apply with equal force in the case at bar, because the command to the officer in a writ of replevin is specific, to seize the particular property and deliver it to the plaintiff, and so in a certain sense the second action challenges the propriety of the first writ, yet it must be remembered that no question is made as to the validity of the proceedings, or regularity of the process, as between Knight and Wilson. The plaintiff claims adversely to both Knight and Wilson. And so far as appears from the testimony offered, his property was, without the slightest pretext or excuse, seized and held by the officer in a proceeding to which he was not a party, and in which he

Gross v. Bogard.

could claim no benefit of the plaintiff's undertaking as a protection against injury. While he might have been made a party to that action, yet it could have been done only upon leave of the court, (Gen. Stat. 637, § 42,) and the property itself might have been gotten out of the way long before this order could have been obtained, while stipulations between the parties might have settled the judgment to be entered, and released the sureties on the bond. But turning to the statute, and it seems to us that the same rule there obtains, in case of property taken under a writ of replevin, as when taken under execution. The party against whom the writ runs cannot litigate its validity in an action of replevin, but a third party may assert his right to the property in the possession of the officer. The statute provision concerning the affidavit is, (see sub. 4 of sec. 177, Gen. Stat., p. 661,) "That it was not taken in execution on any order or judgment against *said plaintiff*, or for the payment of any tax, fine, or amercement assessed against him, or by virtue of an order of delivery issued under this article, or any other mesne or final process, *issued against said plaintiff*." Now the last four words, may, it is true, be construed as limiting only the clause, "any other mesne or final process," and leaving the clause immediately preceding entirely independent and unaffected by them. But it seems to us a better construction is to consider both clauses limited by the words, "issued against said plaintiff." While the punctuation is not of much weight, yet so far as it goes, it tends in this direction, for we find a comma after the word "process," which we should not expect if the subsequent words only qualified those immediately preceding. Again, the use of the words, "or any other," seem to bind the two clauses together as one, so as to make any subsequent limitation applicable to both. And finally, if it was not the purpose to have the same rule applicable to writs of replevin, as to all other process, we think the legislature would have made the intention clear. The very fact that language is used susceptible of either construction, seems to

compel the conclusion that the legislature intended that the same rule should apply to all process.

The district court therefore erred in sustaining the demurrer to plaintiff's evidence, and the case must be remanded with instructions to grant a new trial.

All the Justices concurring.