THE UNITED STATES ELECTRIC LIGHTING COMPANY v.
S. A. MARTIN.

1. PUBLICATION — *Sufficient Affidavit for Service.* An affidavit for pub-
lication showing that the defendant is a foreign corporation; that
the plaintiff is unable to make service of summons upon the de-
fendant within the state; that the defendant has personal property
within the state, which is fully described; that this property has
been taken possession of by a receiver of the court; that the plain-
tiff seeks to appropriate this property for the payment of his claim;
and that his action is brought upon a contract made between him
and defendant, is sufficient to authorize service.

2. RECEIVER — *Control of Property.* The fact that the property taken
possession of by the receiver has been obtained by the defendant in
an action of replevin, still pending in the court, will not oust the
court or the receiver of the control thereof.

*Error from Greenwood District Court.*

THE facts are stated in the opinion. Judgment for plain-
tiff *Martin,* at the September term, 1887. The defendant
*Company* brings the case here.

*T. L. Davis,* for plaintiff in error.

The opinion of the court was delivered by

HORTON, C. J.: S. A. Martin brought an action in the
court below against the United States Electric Lighting Com-
pany to recover the sum of $300, claiming the sum as dam-
ages for breach of a parol contract. The Electric Company is
a foreign corporation. At the time that Martin filed his peti-
tion, a receiver was appointed by the probate judge. Under
the order of the probate judge the receiver took possession
of one Western dynamo, one automatic regulator, five duplex
inclosed arc lamps, nine single inclosed arc lamps, one base
frame, and circuit of wire. Afterward Martin made and filed
an affidavit for service by publication. The Electric Company
appeared specially, and moved the court to quash the service,
which was overruled.. The company, with the leave of the

court, then filed an answer.　The case came on for trial before the court without a jury, and judgment was rendered in favor of Martin and against the company for $300.　The company excepted, and brings the case here.

I. It is claimed that the affidavit did not state facts sufficient to authorize service by publication.　We think otherwise.　The affidavit showed that the defendant is a foreign corporation; that the plaintiff was unable to make service of the summons upon the defendant within the state; that the defendant had personal property within the state, which is fully described; that the property had been taken possession of by a receiver of the court; that the plaintiff sought to subject and appropriate this property for the payment of his claim, and that his action is brought upon a contract between him and defendant. (Civil Code, §§ 72, 73.)

II. It is further claimed, as the personal property referred to in the affidavit was in litigation, that the court could not obtain jurisdiction or control thereof, and therefore that the service by publication was insufficient.　It appears that the property was claimed by the Electric Lighting Company under a chattel mortgage executed on the 18th day of January, 1886, by C. E. Decker; that the company had made a demand of Decker for the possession of the property under the mortgage, and he had refused to surrender it.　The company then brought suit of replevin to recover it.　Decker contested the company's right to it.　The sheriff had been in the possession of the property, under an order of replevin, for more than twenty-four hours, and no redelivery bond had been given. He had tendered the property to the attorney of the Electric Company, and as the company did not take possession of it he turned it over to the receiver.　The appointment of a receiver is a provisional remedy.　The receiver was appointed by the probate judge.　In exercising this power, the probate judge acted as an officer of the district court.　The appointment of a receiver by the district court secured to that court the power to control at its discretion all controversies which affected the property placed in the custody of the receiver.

The district court had the authority to change the property from one of its officers to another officer. All the proceedings complained of, both in this action and in the replevin action, were pending in the district court — the same court. Therefore, there is nothing against the service by publication on account of the property being in litigation, or *in custodia legis*. (*Gross v. Bogard*, 18 Kas. 288; *Bates v. Wiggin*, 37 id. 44.)

III. The subsequent discharge of the receiver did not and could not affect the jurisdiction of the court, because the defendant was then in court by its appearance and answer.

IV. Upon an examination of the testimony, we can sustain the damages given Martin against the Electric Company for a breach of his contract, to the amount of $150, but for the claim of L. S. Clark against the company, assigned to Martin, the testimony is insufficient to sustain all the damages allowed. Under the contract between Clark and the Electric Company, electric light was to be furnished him for $150, from December 23d, 1886, to December 23d, 1887. Clark had the light for six months. It is not shown that the light furnished him was bad during that time; therefore Clark's damages could not have exceeded $75.

Judgment ought not to have been rendered for Martin for a larger sum than $225. If the plaintiff below shall within thirty days remit $75 from the judgment, the remainder will be affirmed — the costs in this court to be divided. If, however, there shall be no *remittitur*, the judgment must be reversed.

All the Justices concurring.