## KATHERINE WELTER vs. C. A. JACOBSON.

Opinion filed October 30th, 1897.

### Replevin Against Sheriff—When Maintainable.

Replevin will not lie against a sheriff who is in possession of the property under a requisition in claim and delivery proceedings in a pending replevin action, unless he fails to deliver the property to the party to the first replevin action entitled thereto, within a reasonable time after it becomes his duty to do so.

### Interference with Sheriff's Possession—Contempt of Court.

To interfere with his possession by claim and delivery proceedings in a second replevin suit against him before such failure is a contempt of court.

### Sheriff Liable in Trover to Third Person—When.

Under § 5341, Rev. Codes, the sheriff becomes liable in trover in case the statute is complied with, and he, nevertheless, delivers the property to the plaintiff in the replevin action. If the plaintiff refuses to indemnify him, and he promptly surrenders it to the defendant, he is exonerated from all liability.

### When Sheriff Protected by the Writ.

The sheriff is protected by his writ only when he takes the property from the possession of the defendant. If he takes it from a third person, who is in fact the owner, he becomes instantly liable for the tort. But replevin will not lie against him even in such a case except upon his failure, after a reasonable time to deliver it to the party to the original action entitled thereto.

Appeal from District Court, Walsh County; *Sauter*, J.

Action by Katherine Welter against C. A. Jacobson, sheriff of Walsh County. Judgment for plaintiff, and defendant appeals. Reversed.

*John H. Fraine*, (*J. H. Bosard*, of counsel,) for appellant.

The complaint does not state a cause of action in that it is no where alleged that plaintiff was the owner, in possession or entitled to the possession of the grain at the time the same was seized by the sheriff. An allegation that plaintiff was owner at the time suit was begun is not sufficient. *Pitts Agr. Works* v. *Young*, 62 N. W. Rep. 433; *Willis* v. *DeWitt*, 52 N. W. Rep. 1090; *Branch* v. *Wiseman*, 51 Ind. 1; *Middlesworth* v. *Sedgwick*, 10 Cal. 392. It is no where alleged in the complaint that plaintiff made

the statutory affidavit of title to the property or served the same on defendant under § 4982, Comp. Laws, and this is necessary. *Willis* v. *DeWitt*, 52 N. W. Rep. 1090; *Welhite* v. *Williams*, 21 Pac. Rep. 257; *Campbell* v. *Jones*, 38 Cal. 507; *Bacon* v. *Robson*, 53 Cal. 399. The action cannot be maintained because the property sought to be recovered was not in the actual or constructive possession of defendant when the action was begun. *Willis* v. *DeWitt*, 3 S. D. 281, 52 N. W. Rep. 1090; *Hickey* v. *Hensdale*, 12 Mich. 100; *Gildas* v. *Crosby*, 61 Mich. 413, 28 N. W. Rep. 153; *Moses* v. *Morris*, 20 Kan. 208; *Feder* v. *Abrahams*, 28 Mo. App. 454; *Hall* v. *White*, 106 Mass. 599; *Johnson* v. *Garlick*, 25 Wis. 705; *McHugh* v. *Robinson*, 71 Wis. 565; *State* v. *Jennings*, 14 Ohio St. 73; *Coffin* v. *Gephart*, 18 Ia. 257; *Ames* v. *Boone Co.*, 8 Minn. 467.

*Spencer & Sinkler*, for respondent.

If no recovery can be had against an officer under § 5341, Rev. Codes, until after the statutory affidavit has been served. The failure to serve the affidavit is a matter to be plead in defense by the officer, but way of answer. *Paden* v. *Goldbaum*, 37 Pac. Rep. 759; *Brenot* v. *Robinson*, 41 Pac. Rep. 37. An officer is protected by his writ. *Shipman* v. *Clark*, 4 Denio, 446. But when he does what his writ does not authorize him to do he is not protected. *Billings* v. *Thomas*, 114 Mass. 570; *Stimson* v. *Reynolds*, 14 Barb. 506; *Otis* v. *Williams*, 70 N. Y. 208; *Foster* v. *Pettibone*, 20 Barb. 250; *Bullis* v. *Montgomery*, 50 N. Y. 352. The fact that the taking was tortious, relieves the plaintiff from the necessity of making or proving a demand. *Boulward* v. *Craddock*, 30 Cal. 190; *Moore* v. *Muddock*, 26 Cal. 515; *Sharon* v. *Nunan*, 63 Cal. 235; *Stone* v. *O'Brien*, 4 Pac. Rep. 792; *Lynd* v. *Picket*, 7 Minn. 184; *Moser* v. *Jenkins*, 5 Or. 447; *Homan* v. *Laboo*, 1 Neb. 204.

CORLISS, C. J. The plaintiff is pursuing a wrong remedy to vindicate her rights. She is seeking in an action of replevin to recover the possession of certain wheat seized by the defendant, as the sheriff of Walsh County, in this state under a requisition

in claim and delivery proceedings instituted in another action of replevin by other parties against the husband of the plaintiff. The property was, when the second replevin suit was commenced, in custody of law, the sheriff not having at that time delivered the property to either of the parties to the first replevin action, and therefore it was not then subject to seizure in the new replevin action. Whatever differences of opinion have arisen touching the question whether, after delivery to one of the parties to the case, the property is still in custody of law, there is unanimity on this point. The sheriff is charged under the law with the duty of ultimately delivering the property to one of the parties to the litigation, to be held by him *pendente lite*. The court, through its executive officer, lays its hands upon the property until the question of the right to the custody of the *res* while the controversy over it remains unsettled, is determined. To assert the right of a stranger to the action to wrest the property from the sheriff's control is to proclaim the impotence of the court to protect its own jurisdiction and its own officers when obeying its commands. The property is seized to be held by the court until one party or the other shall have established his legal right to the possession thereof *pendente lite*; and the law commands the executive officer of the court to keep it until this question is settled, to the end that, when it is settled, the sheriff may deliver it to the party who is entitled thereto until final judgment. But how can the sheriff perform this duty if it may be taken from him by the plaintiff in another replevin action? If the defendant does not except to the sureties, or if they justify despite his challenge of their sufficiency, and if he does not rebond, the sheriff must deliver the property to the plaintiff. If, on the other hand, the plaintiff's sureties do not justify, or if the defendant does rebond, the sheriff must deliver the property to him, the defendant. In any event, one of the parties is, after a brief period during which the sheriff must hold the property, entitled to the possession thereof *pendente lite*. Will the law suffer the executive officer of a court to be embarrassed in the discharge of

his duty by allowing the property to be taken from him in a second replevin suit, thus rendering the prompt performance of that duty impossible and the performance of it at all out of the question unless he rebonds, thereby being put to trouble and subjected to the hazard of loss in a matter in which he has no interest, but in which he stands indifferent between all the parties,—those who are parties to the original replevin action and the claimant as well? On principle, there can be only one answer to this inquiry. The property is in the custody of the law, and cannot, in judicial proceedings, be seized by any one, not even the owner thereof, when such owner is a stranger to the suit. Considerations of justice from the standpoint of the sheriff reinforce the argument based on principle, and the authorities present an unbroken front on this point. They hold without exception that, in the absence of statutory change, the rule is that, while the officer has the custody of the property, replevin will not lie. *Sanborn* v. *Leavitt*, 43 N. H. 473; *Powell* v. *Bradlee*, 9 Gill & J. 220, 274; *Hagan* v. *Deuell*, 24 Ark. 216; *Weiner* v. *Van Rensselaer*, 43 N. J. Law, 547; *White* v. *Dolliver*, 113 Mass. 400, 407. To same effect are *Watkins* v. *Page*, 2 Wis. 98; *Weinberg* v. *Conover*, 4 Wis. 803; *Griffith* v. *Smith*, 22 Wis. 646; *Tremaine* v. *Mortimer*, (Super. N. Y.) 7 N. Y. Supp. 681; *Bank* v. *Dunn*, 97 N. Y. 149. The cases of *Gross* v. *Bogard*, 18 Kan. 288; *Reiley* v. *Haynes*, 38 Kan. 259, 16 Pac. Rep. 440, and *Davis* v. *Gambert*, 57 Iowa, 239, 10 N. W. Rep. 658, rest upon statutory provisions construed by the courts in those cases as authorizing a second replevin suit by a stranger to the first replevin action while the property was still in the custody of the sheriff. In *Gross* v. *Bogard*, 18 Kan. 288, the court expressly recognized the common-law rule which we apply in this case. "The question must be settled by a reference to our statutes, for it will not be doubted that, at common law, property in the hands of an officer under a writ of replevin was in *custodia legis*, and could not be taken from him by means of another writ." Some of the decisions prohibit the seizure of the property on execution or in a second replevin

action even after it has been delivered to one of the parties to the first action of replevin, or has been left by the officer in the custody of a third person under a forthcoming bond. *Bank* v. *Dunn*, 97 N. Y. 149; *Goodheart* v. *Bowen*, 2 Ill. App. 578; *Pipher* v. *Fordyce*, 88 Ind. 436; *Bank* v. *Owen*, 79 Mo. 429; *Rhines* v. *Phelps*, 3 Gilman, 455; *Selleck* v. *Phelps*, 11 Wis. 380; *Hagan* v. *Lucas*, 10 Pet. 400; *Acker* v. *White*, 25 Wend. 614. On the other hand, many adjudications treat the property as subject to seizure under execution or in replevin the moment it is delivered into the hands of the plaintiff or the defendant in the original replevin action, and we believe that they state the true doctrine. *Kelleher* v. *Clark*, 135 Mass. 45; *White* v. *Dolliver*, 113 Mass. 400; *Ilsley* v. *Stubbs*, 5 Mass. 280; *Coen* v. *Watkins*, 1 Mo. App. Rep'r, 555; *Hagan* v. *Deuell*, 24 Ark. 216; *Bell* v. *Bartlett*, 7 N. H. 178–190; *Sanborn* v. *Leavitt*, 43 N. H. 473; *Larson* v. *Nichols*, (Minn.) 64 N. W. Rep. 553. We need not in this case settle this very interesting and somewhat important question. It is not here involved. An examination of the very decisions which hold that the grasp of the law upon the *res* is released by the delivery thereof to one of the parties to the litigation discloses the fact that they all recognize the doctrine that replevin will not lie against the sheriff.

The question has thus far been discussed on the theory that no change in the common-law rule has been effected in this state by legislation, and it now becomes necessary to ascertain whether any provision of the code has modified this doctrine of the common law. Section 5341, Rev. Codes, provides: "If the property taken is claimed by any other person than the defendant or his agent, and such person shall make affidavit of his title thereto and right to the possession thereof, stating the grounds of such right and title, and serve the same upon the sheriff, the sheriff shall not be bound to keep the property or deliver it to the plaintiff, unless the plaintiff on demand of him or his agent shall indemnify the sheriff against such claim by an undertaking executed by two sureties accompanied by their affidavits, that

they are each worth double the value of the property as specified in the affidavit of the plaintiff exclusive of property exempt from execution, and freeholders or householders of the county. And no claim to such property by any other person than the defendant or his agent shall be valid against the sheriff, unless made as aforesaid; and notwithstanding such claim, when so made, he may retain the property a reasonable time to demand such indemnity." What was the purpose in view in enacting this statute? What liability, if any, does it impose upon the sheriff from which, independently of this section, he would be exempt? These questions it is not difficult to answer. Without such a law on the statute book, the sheriff would be absolutely protected by his writ,—the requisition. Neither replevin nor trover would lie against him. Under such a condition of the law, the court would not stop to inquire whether the suitor was essaying to disturb the officer in his possession of the property, but would refuse to subject him to any liability whatsoever for obeying the positive mandate of a court, and following strictly the requirements of the law. Unlike an execution, a requisition in claim and delivery proceedings points out the specific property to be seized by the officer, and peremptorily directs him to take and hold it thereunder. Having obeyed the court whose executive officer he is, by taking from the possession of the defendant in the requisition (for if he take it from another, a different question is presented) the very property described in the requisition, no tribunal will, without a statute, hold him responsible to a third person for this act. On this point the authorities are agreed. *Bullis* v. *Montgomery*, 50 N. Y. 352; *Foster* v. *Pettibone*, 20 Barb. 350; *Otis* v. *Williams*, 70 N. Y. 208; *Boyden* v. *Frank*, 20 Ill. App. 169; Murfree, Off. Bonds, § 104c; *Shipman* v. *Clark*, 4 Denio, 446; *Willard* v. *Kimball*, 10 Allen, 211.

But it is obvious that § 5341, Rev. Codes, has wrought some change in the law touching the sheriff's liability on seizure of property under requisition in replevin actions, even when the property is taken from the possession of the defendant in such

action. It was seen that, in case the defendant in such replevin action should not rebond, the property would, by the claim and delivery proceedings therein instituted, be transferred from the possession of the defendant to that of the plaintiff, thus substituting, perhaps, an irresponsible for a responsible party, who could be sued by a third person who might be the real owner of the property. To render the sheriff liable for the act of taking it from the defendant and delivering it to the plaintiff (the very act which the law requires him to perform,) without giving him notice of the owner's claim, would be great injustice. And, even after he had received notice thereof, it would still be an indefensible policy to subject him to liability to the owner without releasing him from the obligation to make delivery to the plaintiff. Therefore the law permits him to hold the property a reasonable time to procure indemnity from the plaintiff in the action, and, if the plaintiff fails to give him such indemnity, he need not deliver the property to such plaintiff, or keep it himself, but may return it to the defendant from whom he originally took it. *Haskins* v. *Kelly*, 1 Abb. Prac. (N. S.) 63, 70; *Edgerton* v. *Ross*, 6 Abb. Prac. 189–191. In such a case he is not liable to the claimant at all. What renders him liable is a delivery of the property to the plaintiff in the replevin action after he has been served with the notice specified in § 5341; and, of course, it makes no difference with respect to such liability whether the plaintiff does or does not indemnify him. That provision of the law is for his benefit, and it may be waived by him. He may be satisfied with the responsibility of such plaintiff; and therefore be willing to deliver the property to him on his promise of indemnity, without obtain-. ing the security of sureties upon an indemnity bond. But he may refuse to make such delivery unless he is indemnified, and escape all liability by promptly delivering the property to the defendant in the replevin suit, from whose possession he took it on the requisition. The statute appears to have been framed in part for the purpose of allowing the plaintiff in replevin to determine whether he is willing to incur, by taking possession of the

property under the requisition, the hazard of a double liability when the property is claimed by a third person,—the liability to restore it to the defendant in case of defeat in the replevin suit, and the liability to the sheriff on the indemnity bond in case the claimant makes good his title to the property, and recovers a judgment against the sheriff. If this risk is too great in his judgment, he may relinquish the further prosecution of his claim and delivery proceedings in the action, and proceed with the case as though they had not been originally instituted. He is deemed to have relinquished such proceedings if, after a reasonable time, he fails properly to indemnify the sheriff. In this event the sheriff must restore the property to the defendant in the replevin action, unless he is willing to take the risk of a delivery to the plaintiff. It is true that the statute does not in terms so declare; but this is made his duty by necessary implication from its terms. In case he is not indemnified, he need not keep the property or deliver it to the plaintiff. To whom shall he deliver it? To the claimant who has not instituted any action to establish his rights, who is not a party to the replevin action, who was not originally in possession of the property, and who gives no security either to the defendant from whom the property was taken or to the sheriff or to anyone at all? Such a construction of the statute would be monstrous. Nor does the language of the section permit such an interpretation. It merely declares that, on failure of the plaintiff to give security, the sheriff need proceed no further with the execution of the requisition. Thereafter he need not deliver the property to the plaintiff, or keep it himself; and it follows that he must restore it to its former possessor, there being no direction in the statute that he hand it over to the claimant. That the statute does contemplate that the sheriff shall be liable if, after notice, he delivers the property to the plaintiff, is obvious, and the authorities so hold. *Manning* v. *Keenan*, 73 N. Y. 45; *Manning* v. *Keenan*, 9 Hun., 686. But this liability is for conversion, and not in replevin. It was never intended by this section to abrogate by implication the doctrine that property in custody of the

law cannot be replevied. The statute contemplates that there shall be no liability on the part of the sheriff at all until a reasonable time has elapsed in which to procure indemnity from the plaintiff; and that, as soon as this is done, he will deliver the property to the plaintiff in the replevin action. How could the sheriff be sued in replevin after he had parted with possession of the property? Moreover, the sheriff is charged with a duty with respect to the property in his hands, despite the fact that it has been claimed by a stranger to the suit. If the plaintiff indemnifies him, and the defendant does not rebond, he must deliver it to the plaintiff. If the plaintiff does not indemnify him or the defendant does rebond, he (the sheriff) must deliver it to the defendant. In any event, he must, as an officer of the Court, under the mandate of the law, surrender it to one of the parties to the litigation. The law is not so unreasonable as to exact from him the performance of a duty, and yet place it in the power of another to render impossible, or at least burdensome and difficult, the performance by him of such duty.

It appears in this case that the defendant, as sheriff, took the property from the possession of the plaintiff in this action, and not from the possession of the defendant in the first replevin suit. Under such circumstances, it is the rule that the officer cannot justify his seizure under the writ. It commands him to take the property described from the possession of the defendant in the action only. By wresting it from another who has control over it, he becomes a trespasser if it is in fact the property of such third person. *Otis* v. *Williams*, 70 N. Y. 208; *Bullis* v. *Montgomery*, 50 N. Y. 352. This, however, does not show that replevin will lie against him. In the replevin suit in which he took the property, the defendant in such action may set up his possession at the time of suit, and recover judgment against the plaintiff therein. The Court may find, either on an admission of the fact or in a contest with respect to the question of possession, that the defendant was in fact in possession. The sheriff must proceed on the theory that this contingency is possible, and in fact it is usually probable.

He must therefore keep and deliver the property on the hypothesis that, in the course of that litigation, this fact will, or at least may be, established. A finding in another replevin action, to which the parties to the original suit are not parties, that the sheriff took the property from the possession of the plaintiff in the second replevin action, and not from the control of the defendant in the first replevin suit, would not bind the parties to the first suit, and therefore would not affect their right to demand that the sheriff keep and deliver the property as directed by law; the fact being established in that case that the property was taken from the defendant in that action. If their rights to insist upon the discharge of this official duty by the sheriff is in no manner affected by the finding of the court in the other case, how can the sheriff be disturbed in a possession absolutely indispensable to enable him to perform such duty?

This same argument applies to the claim that the sheriff in this case, in seizing the property in the first replevin action, took not only the wheat specified in the requisition, but also some that was not therein described. This presents a question of identity. Doubtless, the sheriff is liable in conversion for the wheat taken without right. But the property is in fact in custody of the law. If it is the very wheat described in the requisition, the sheriff is charged with a duty with respect to it; and that duty is, so far as the possession of the property is concerned, a duty owing to the parties to the first replevin action, and not to the plaintiff herein or any one else. The finding in this case that it is not the identical property in no manner settles that issue as against either of the parties to the first action. They still have a right to claim and show that it is the very property described in the requisition, and such may be the fact. If it is the identical property, the sheriff is bound to keep and deliver it according to the statute. He must therefore be allowed to retain possession of it in order to respond to the parties to the first action, on the theory that it is the property to which the replevin action relates. To interfere with his possession is to prevent his delivery of the property to

the proper party to the first suit, although the property is shown
in that action to be the very property which that action is insti-
tuted to recover.    Moreover, even if the wheat is not that which
the plaintiff in the first action intended to reach, still the property
is in custody of the law, for the defendant therein has a right to
the return thereof.    The law, having taken it from him, will not
permit a stranger to take it from the sheriff, who, if the defendant
rebonds, must restore it to him whoever may be the owner thereof,
and without any reference to any question of identity.    It is
obvious that, if a second replevin action is allowed to be com-
menced at all against the sheriff under any conceivable circum-
stances, he will be bereft of that protection in the discharge of his
duty which the law should throw around him.    In a replevin action
the interference with the sheriff's possession comes at the very
outset of the case, as claim and delivery proceedings may be, and
almost invariably are, instituted simultaneously with the action
itself.    Once permit the second action to be brought against the
sheriff while holding the property as sheriff, and he will in every
instance in which the second suit is commenced be disturbed in his
possession long before it can ever be known whether the property
was taken from the possession of the defendant in the first action,
or is the identical property sought to be replevied, or whether it
belongs to the plaintiff in the second suit at all.    The only safe
doctrine is to treat the seizure or attempted seizure of the property
in a second action as a contempt of court, and hold that the
sheriff may lawfully resist all interference with his possession.
That it was contempt of court at common law to replevy property
in the custody of a sheriff was well settled.    Cobby, Repl. § 299,
and cases cited in note 4.    It is true that the old doctrine that
property seized under execution is not in *custodia legas* as against
the real owner has been in many states overthrown; and in some
jurisdictions replevin will lie against the officer even in favor of
the defendant in execution when the property seized is exempt.
But these cases merely modify the old doctrine that property is
under such circumstances in *custodia legis*.    They do not in any

manner affect the proposition that if, in a particular case, the property is in fact in the custody of the law, any interference with the sheriff's possession thereof is a contempt of court. There is no statute in this state which either expressly or by implication alters the doctrines of the common law that property in the hands of an officer in a replevin action is in the custody of the law, and that to wrest such possession from such officer is a contempt of court. Nor has the true owner of the property any reason to complain. If it is taken from his possession in a replevin action against a stranger, he may immediately sue in conversion, and hold the sheriff and his official bonds responsible for the tort. While there is a dispute among the authorities whether the sureties on a sheriff's bond are liable for the wrongful act of their principal in seizing the property of a third person, the more numerous decisions are found arrayed in support of the rule that they are liable, and these cases appear to us to have the best of the argument. See *Lammon* v. *Feusier*, 111 U. S. 17, 4 Sup. Ct. 286, where the authorities are reviewed, and where the doctrine we deem sound is enunciated. If the property was taken from the possession of the defendant in the replevin action, the true owner, on making claim under the statute, may hold the sheriff and his bond liable if he delivers the property to the plaintiff; and, if he returns it to the defendant, the claimant is in the precise position with respect to all rights which he occupied before the replevin suit was commenced. He has merely been deprived a few days of his right to sue in replevin for the property. Whatever other rights he had before the seizure are unaffected thereby, and it is probable that as soon as this brief period has passed, and the property is in the possession of either party to the replevin suit, the real owner may vindicate his title to the same by an action for possession, as well as an action for damages. If he proceeds under the statute, the statute will not allow the sheriff, even when he takes the property from the possession of the defendant in the replevin action, to transfer the possession to another—*i. e.*, the plaintiff—and thus change the person

against whom the owner must carry on his replevin action, without subjecting himself and his sureties to liability for the value of the property; and, if the sheriff takes it from the true owner himself, he and his bondsmen are instantly liable for the damages such owner sustains.

We do not wish to be understood as holding that, after a reasonable time has expired in which to obtain indemnity from the plaintiff in a replevin action, the sheriff is not liable merely because he retains possession of the property. To protect himself from liability thereafter, he must surrender the property to the defendant in the replevin suit. In other words, it is not our purpose to hold that replevin will not lie against the sheriff after it has become his duty to deliver the property to one of the parties to the first replevin suit, and he fails after a reasonable time to make such delivery. Thereafter he cannot claim the protection of the law, for he does not need it. It is his own wrong that renders him liable in such a case. He may then be sued in conversion or in replevin. So long as he is acting as sheriff, charged with a duty with respect to the property, the law will not permit his possession to be interfered with. But when, after a reasonable time in which to perform his duty, and thus shield himself from liability in a replevin action, has passed, he is still found in possession of the property, he is not acting as sheriff, and the property is not in custody of the law, It is in the same position with respect to a second replevin action that property replevied is after it has been delivered to one of the parties to the action. In such a case the better rule is that a second replevin suit will lie against the party in possession; and the sheriff cannot defeat the right of the claimant to maintain replevin by withholding such possession, but, on the contrary, he himself becomes liable to be sued in replevin if he does not, in a reasonable time after his duty to do so arises, deliver the *res* to the party to the first action entitled thereto. The judgment is reversed, and a new trial is ordered. All concur.